## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICKI S. JOHNSON** | * | |
| **Plaintiff,** | * | |
| | * | **CASE NUMBER:** <u>17-295</u> |
| **UNITED OF OMAHA LIFE<br>INSURANCE COMPANY** | * | |
| **Defendant.** | * | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This action seeks to enforce the provisions of the Plaintiff's long-term disability plan,

including benefits due thereunder, equitable relief, pre-judgment interest, attorney's fees and

costs for Defendants' denial of benefits due the Plaintiff, in violation of the Porch Band of Creek

Indians, Long-Term Disability Insurance Plan ("The Plan"), Policy Number GUPR-ADB6.

### II. JURISDICTION

2.  This action arises out of the Employee Retirement Income Security Act, 29

U.S.C. § 1001, *et seq*. (hereinafter ERISA);

3.  Jurisdiction is invoked pursuant to 29 U.S.C. §1132(e);

4.  Costs and attorney's fees may be awarded pursuant to 29 U.S.C. § 1132(g)(1) and

Fed. R. Civ. P. 54;

5.  Benefits and enforcement of the plan are sought pursuant to 29 U.S.C. § 1132

(a)(1)(B);

6.      All administrative remedies have been exhausted.

7.      Pre-judgment interest is sought pursuant to 29 U.S.C. § 1132 (g)(2);

### III.  VENUE

8.  This action properly lies in the United States District Court, Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. Section 1391(b) and 29 U.S.C. Section 1132(e)(2), as the Plaintiff, a participant of "The Plan" resides in this district.

### IV.  PARTIES

9.      Plaintiff, who is a citizen and resident of the United States in Mobile County, Alabama, was an eligible employee of "The Plan" at all times relevant hereto.

10.     United of Omaha Life Insurance Company ("United of Omaha"), is a foreign corporation that was doing business in the State of Alabama at all times relevant to the allegations contained herein, and is currently the administrator of "the Plan" under which it is obligated to pay benefits to those eligible employees of the Poarch Band of Creek Indians, who became disabled under the terms of "The Plan".

### V.  FACTS

11.     Vicki S. Johnson, ("Johnson"), is 60 years old and began working for the Poarch Band of Creek Indians in 2009.  She originally worked as a clerk in the "Creek Smoke Shop" selling groceries and cleaning.  From 2012 to her last day worked (1/14/15), she worked as a custodian in the maintenance department. She obtained a high school degree, but no higher degree.

12.     She applied for and was approved for long term disability payments under the Policy, effective as of 1/16/2015.

13.     Subsequently, by letter dated February 13, 2017, Johnson's benefits were terminated.  According to the denial letter, despite extensive medical evidence, in the form of treatment notes, objective testing and opinions from numerous physicians, all of which indicated that Ms. Johnson's prognosis was poor, and that she was unable to perform gainful employment, the Plan Administrator concluded that Johnson had the functional ability and transferable skills which qualified her for other gainful occupations.

14.     On February 22, 2017, Johnson mailed a notice of appeal of the denial of her claim and indicated that she had additional evidence to submit from two of her treating physicians.  A letter dated March 1, 2017 was sent to her by United of Omaha stating that they had received her appeal and would take it under consideration, however, on March 23, 2017, less than 30 days after receiving her appeal, and before Johnson could submit all of the additional evidence she wanted to supplement to the administrative record, her appeal was denied.

15.     In the final March 23, 2107 denial letter, United of Omaha determined that their review of the medical records "did not find support for restrictions or limitations in your physical functional capacity to preclude sedentary work activities."  They went on to note that the Department of Labor defines sedentary work as: "exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently.  (Frequently: activity of condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull or otherwise move objects, including the human body.  Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time.  Jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met."

16.  The physical capacity evaluations, treatment notes, and opinion letters submitted by

Johnson's physicians contradict this determination by United of Omaha.  The medical records detail the fact that she has a recent medical history with significant health issues relating to osteoarthritis of multiple joints, lumbar radiculopathy, rheumatoid arthritis and polyneuropathy, coronary artery disease, gout, ataxia, leg pain, numbness in her feet and significant problems with her left foot which has required multiple surgeries and which continues to not heal properly, severely limiting her mobility.

17.   Her primary attending physician, Sheldon Harigel, M.D. submitted a physical capacities evaluation on 12/22/2016 which placed limitations on her for less than an 8 hour day and noted that she was a "fall risk."  Neurologist, Scott Markle submitted a physical capacities evaluation on 12/15/2016 which noted that she could not walk, stand and sit for a total of 8 hours,  that she suffered from neuropathy, which usually is progressive, that her prognosis was poor, that she was a fall risk and that he would not release her to pursue vocational rehab.

18.  A review of her medical records reveals that her condition has deteriorated over time. Dr. Harigel notes from 2/21/17 indicate that she "suffers from chronic bilateral low back pain with left sided sciatica….and that she "continues to have extensive osteoarthritic changes and pain.  Lumbar radiculopathy is worsening especially with her foot issues which are causing abnormal gait."  Dr. Jeffery Dull, who has treated her foot issues, was able to get a letter (2/27/17) into the record before the Plan Administrator abruptly issued the final denial.  He stated that Johnson has had multiple surgeries on her foot, all of which have failed, "most likely due to her neuropathy and inflammatory arthritis."  He noted that she continued to have ulcers on her feet that were slow to heal and that it was his opinion that her situation would be worsened by any attempt to work."  The administrative record is replete with objective testing with findings confirming her orthopedic and neurological, and other health problems.  X-rays of her

back revealed "severe disc space narrowing at L5-S1 with near bone on bone articulation." Both her arthritic condition and coronary heart disease have been well documented through testing performed at the request of her treating physicians.

19.    Based on the foregoing, and the medical history and other factual documentation contained in the administrative record, it is Plaintiff's contention that the Defendant's decision to deny her claim for LTD benefits was wrong and unreasonable, and their interpretation of the plan was arbitrary and capricious and is due to be overturned.

21.    Defendant was the agent of and/or defacto plan administrator or the appropriate fiduciary for the Plaintiff's long-term disability policy throughout the claims process. The Plaintiff's employer had no involvement in the claim decision process.

## VI. COUNT ONE

**29 U.S.C. Section 1132(a)(1)(B); ERISA Section 502(a)(1)(B)**

22.    Plaintiff incorporates paragraphs 1-21 as if realleged herein.

23.    Defendant's denial of Plaintiff's application for disability benefits under the plan was unreasonable and unlawful under the terms of said plan. By wrongfully withholding approval of Plaintiff's benefits which were due under the plan, Defendant has incorrectly interpreted the plan as it applies to the Plaintiff and did ignore substantial evidence which warranted the approval of Plaintiff's claim, and, as such, violated her rights under ERISA.

24.    Plaintiff has exhausted all administrative remedies available to her.

25.    Plaintiff seeks judicial enforcement of those rights due her including payment of past due benefits and continuing benefits.

## VII.  PRAYER FOR RELIEF

26.     Plaintiff incorporates paragraphs 1- 25, as if realleged herein.

WHEREFORE, Plaintiff prays that this Court:

a.  Conduct de novo review of this claim;

b. Declare that the Plaintiff meets the definition of disability as defined under the provisions of the Plan.

c. Award Plaintiff  her "long term" disability benefits for the remaining period for which she is eligible (until age 65).

d.  Reinstate Plaintiff's claim and right to future long term disability benefits and any other ancillary benefits under the Plan.

e.  Award Plaintiff interest due on all past due benefits.

f.  Award Plaintiff reasonable attorney's fees; and

Grant such other relief as the Court may deem just and proper.

Respectfully submitted, this the 27th day of June, 2016.

_____
JOHN T. BENDER (BENDJ9064)
Attorney for Plaintiff

OF COUNSEL:
McFADDEN, ROUSE & BENDER, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609
(251) 342-9172
johnt@mrbattorneys.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

United of Omaha Life Insurance Company
c/o registered agent
Prentice Hall Corporation System, Inc.
641 South Lawrence Street
Montgomery, Al  36104